UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA HER,<br><br>             Plaintiff,<br><br>     v.<br><br>LELAND DUDEK, Acting Commissioner of Social Security,[1]<br><br>             Defendant. | Case No. 1:20-cv-01528-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 18, 19) |

**Findings and Recommendations**

**INTRODUCTION**

Plaintiff Ana Her ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe for findings and recommendations.

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence in the record as a

---

[1] Leland Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted as the defendant in this suit.

1

whole and based upon proper legal standards.  Accordingly, the Court will recommend that Plaintiff's motion for summary judgment be denied and the Commissioner's request to affirm the agency's determination to deny benefits be granted.

## **FACTS AND PRIOR PROCEEDINGS**

Plaintiff filed an application for disability insurance benefits on February 16, 2017.  AR 227-33.[2]  She also filed an application for supplemental security income.  AR 15, 83, 117.  Plaintiff alleged she became disabled on July 25, 2016, due to depression, hypertension, microscopic hematuria, sleep apnea, headaches, neck pain, pain in both shoulders, back pain, dizziness, right leg injury, pain in both hands, high cholesterol, low energy, sleep problems, hearing loss, and history of transient cerebral problem.  AR 117, 248, 255, 266.  Plaintiff's applications were denied initially and on reconsideration.  AR 117-21, 123-27.  Subsequently, Plaintiff requested a hearing before an ALJ, and following a hearing, ALJ Scot Septer issued an order denying benefits on March 10, 2020.  AR 12-25, 31-54.  Thereafter, Plaintiff sought review of the decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision.  AR 1-5.  This appeal followed.

### **Relevant Hearing Testimony and Medical Record**

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

### **The ALJ's Decision**

On March 10, 2020, using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act.  AR 15-25.  Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 25, 2016, the alleged onset date.  AR 17.  The ALJ identified the following severe impairments:  depression and hypertension.  AR 17-18.  The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments.  AR 18-19.

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

Based on a review the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, except she should not work in environments exposing her to unprotected heights or machinery with dangerous moving mechanical parts and should not work in environments subjecting her to more than moderate levels of background noise. Additionally, she was "capable of performing jobs of a non-complex nature requiring the performance of no more than simple, routine tasks, but . . . [was] unable to perform jobs requiring oral or written communication in the English language." AR 19-23. With this RFC, the ALJ determined that Plaintiff was capable of performing her past relevant work as a hand packager. Alternatively, the ALJ determined that there were other jobs in the national economy that she could perform, such as kitchen helper, crate liner, and box bender. AR 23-25. The ALJ therefore concluded that Plaintiff had not been under a disability from July 25, 2016, through the date of the decision. AR 25.

## **SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

# REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

# DISCUSSION[3]

Plaintiff forwards two main arguments: (1) The ALJ's RFC determination is unsupported by substantial evidence because he failed to offer specific, legitimate reasons for rejecting the opinion of L. Pancho, M.D.; and (2) The ALJ's RFC determination is unsupported by substantial evidence because he failed to find Plaintiff's posttraumatic stress disorder (PTSD) was a severe impairment. (Doc. 18 at 1.)

**A.  The ALJ did not err in evaluating the opinion of Dr. Pancho.**

Plaintiff argues that the ALJ failed to provide specific, legitimate reasons for rejecting the opinion of Dr. L. Pancho, a non-examining, non-treating physician. (Doc. 18 at 8-9.) Plaintiff contends that this error is prejudicial because had the ALJ properly credited the opinion from Dr. Pancho, then he would have to conclude that Plaintiff is disabled, at least as of her 50th birthday, based upon a light functional capacity under Medical Vocational Guideline Rule 202.09. (*Id.* at 10.)

Under the standards applicable to the claims here, the Ninth Circuit has identified three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

4

but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Lester*, 81 F.3d at 830. If contradicted, the opinion of a treating or examining physician can only be rejected for "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* at 830-31. The opinion of a non-examining physician alone is not substantial evidence that justifies the rejection of the opinion of either a treating or examining physician. *Lester*, 81 F.3d at 831. The opinion of a non-examining physician may serve as substantial evidence when it is consistent with other independent evidence in the record. *Id.* at 830–31. However, "[a] report of a non-examining, non-treating physician should be discounted and is not substantial evidence when contradicted by all other evidence in the record." *See Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir.1984) (quoting *Millner v. Schweiker*, 725 F.2d 243, 245 (4th Cir.1984)). The ALJ need not accept the opinion of any physician that is brief, conclusory, and unsupported by clinical findings. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

According to the record, on April 28, 2017, Dr. Pancho, a state agency medical consultant, found on initial review that Plaintiff could lift and/or carry 20 pounds occasionally, 10 pounds frequently, could stand and/or walk about 6 hours in an 8-hour workday, could sit about 6 hours in an 8-hour workday, and could push and/or pull (including the operation of hand and/or foot controls) unlimited, other than shown, for lift and/or carry. AR 63-64, 77-78. Dr. Pancho's findings were consistent with a RFC for light work, which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds . . . [and] requires a good deal of walking or standing, or . . . involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

The ALJ summarized Dr. Pancho's findings, but afforded them "very little weight," reasoning as follows:

> The undersigned discounts and affords very little weight to this opinion because it is inconsistent with and unsupported by the medical and other evidence. For example, it is inconsistent with the other medical opinions of record (see Exhibit

>  5A-6A; 6F) and it is over-restrictive, especially in light of . . . reports showing no weakness or swelling (see Exhibit 1F, pp. 12, 17) with no edema in the legs and a normal gait (see Exhibit 1F, p. 24). Furthermore, the record post Dr. Pancho's opinion suggests conservative treatment and only minor symptoms, which are more consistent with the other medical opinions of record (see Exhibit 5A-6A; 6F).

AR 21.

Plaintiff argues that the ALJ's reasons are not specific, legitimate for rejecting Dr. Pancho's opinion. (Doc. 18 at 9.) The Court disagrees.

The ALJ first assigned little weight to Dr. Pancho's opinion because it was inconsistent with the other medical opinions of record. The ALJ is responsible for resolving conflicts in medical testimony. *See Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020); *see also Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001) ("The ALJ is responsible for determining credibility and resolving conflicts in medical testimony and ambiguities."); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."). Here, the ALJ cited the October 17, 2017 opinion of Dr. S. Laiken, the state agency consultant on reconsideration, and the September 29, 2017 opinion of Dr. Robert Wagner, the consultative examiner. AR 21, citing Ex. 5A-6A (AR 85-99, 100-114) and Ex. 6F (AR 581-86). Both Dr. Laiken and Dr. Wagner determined that Plaintiff could perform medium work.[4] In light of the clear conflict between Dr. Pancho's opinion and the subsequent opinions of a non-examining and an examining physician, the ALJ was justified in resolving the conflict and rejecting Dr. Pancho's opinion.

Further, under the applicable rules, "the ALJ had to weigh [the] medical opinions on a hierarchy: treating physicians' opinions receive the most weight, then examining physicians, and then non-examining physicians." *Brito v. Kijakazi*, No. 22-15631, 2023 WL 1960672, at *2 (9th Cir. Feb. 13, 2023) (unpublished) (citing *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)). The ALJ afforded "significant weight" to the opinion of Dr. Wagner. AR 21. Dr. Wagner

---

[4] Dr. Laiken and Dr. Wagner both opined that Plaintiff could lift and/or carry 50 pounds occasionally and 25 pounds frequently. AR 94-95, 109-10, 585-86. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

examined Plaintiff; Dr. Pancho did not.  At a minimum, Dr. Wagner's opinion was entitled to greater weight than Dr. Pancho's opinion.  *Garrison*, 759 F.3d at 1012 ("[T]he opinion of an examining physician is entitled to greater weight than that of a non-examining physician."); *Lester*, 81 F.3d at 830 ("The opinion of an examining physician is . . . entitled to greater weight than the opinion of a nonexamining physician.").

The ALJ next assigned little weight to Dr. Pancho's opinion because it was "over-restrictive, especially in light of . . . reports showing no weakness or swelling (see Exhibit 1F, pp. 12, 17) with no edema in the legs and a normal gait (see Exhibit 1F, p. 24)." AR 21. Generally, in assessing a medical opinion, "the more consistent a medical opinion is with the record as a whole, the more weight ... will [be] give[n] to that medical opinion." 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (explaining that inconsistency with the medical record is a specific and legitimate reason for rejecting a physician's opinion); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (determining an ALJ may discredit a physician's opinion that is conclusory, brief, and unsupported by the record as a whole).  The ALJ rejected Dr. Pancho's limitation to light work as unsupported by record evidence demonstrating no weakness or swelling, no edema in the legs, and normal gait.  AR 21.

Plaintiff argues that the ALJ's rejection of Dr. Pancho's opinion "amounts to nothing more than his own interpretation of a select few clinical findings, to the ignorance of the record [ ] as a whole."  (Doc. 18 at 9-10)  Plaintiff acknowledges the normal findings cited by the ALJ, but argues that the medical records additionally demonstrate:

> uncontrolled hypertension; hypertensive chronic kidney disease with stage 1 through 4 chronic kidney disease; transient cerebral ischemic attack; cerebral infarction; mild cardiomegaly; pure hypercholesterolemia; mild pulmonary edema; 2.4 cm low, dense right adnexal lesion; degenerative changes of spine and sacroiliac joints; low cortisol; weakness in hands and arms; blurry vision; dizziness; and migraine.

(Doc. 18 at 9-10, citing AR 333, 337, 342, 348, 350, 352, 354, 452, 465, 530, 562, 578, 599, 618, 655, 646.)

Plaintiff's argument is not persuasive for several reasons.  First, Plaintiff provides no

7

analysis of these records demonstrating that they impose greater functional limitations than those included in the RFC.  A claimant bears the burden of proving that an impairment is disabling.  *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir.1993) (citation omitted).  Second, the ALJ assigned significant weight to the opinions from Dr. Laiken and Dr. Wagner precisely because they were consistent with reports showing no weakness or swelling with no edema in the legs and a normal gait. AR 21.  This is the very same evidence referenced in discounting Dr. Pancho's opinion.  Third, and critical to the analysis, Plaintiff has not challenged the ALJ's assessment of Dr. Laiken's and Dr. Wagner's opinions, nor has he argued that they are unsupported by the record as a whole.

As another reason for assigning little weight to Dr. Pancho's opinion, the ALJ determined it was not consistent with Plaintiff's conservative treatment history post-dating the opinion or only minor symptoms.  AR 21. Inconsistency with conservative treatment alone is a specific and legitimate reason for discounting an opinion.  *See Spears v. Saul*, 842 F. App'x 107, 109 (9th Cir. 2021); *Fisher v. Berryhill*, No. 8:17-CV-0219 (VEB), 2019 WL 13044622, at *3 (C.D. Cal. Mar. 11, 2019) ("[A]n opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations.").  Plaintiff faults the ALJ for falling to mention what "conservative treatment" he is referencing.  (Doc. 18 at 9.)  However, the Court may draw specific and legitimate inferences from the ALJ's opinion to determine whether it is supported by substantial evidence, "if those inferences are there to be drawn." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989); *see also Batson*, 359 F.3d at 1193 (concluding that a court will uphold the Commissioner's findings if they are, "supported by inferences reasonably drawn from the record").  There is nothing in the ALJ's summary of the medical record to suggest that Plaintiff was treated with anything other than medication.  AR 20.  Thus, it reasonable to infer from the opinion that the ALJ found Plaintiff's treatment to be conservative because it was limited to medication.  Notably, Plaintiff does not argue that her care was other than conservative.

Plaintiff additionally argues that the ALJ "ignored the fact that Dr. Pancho's opinion is

consistent with the Plaintiff's function report (Ar. 5E), testimony (Ar. 31-45 and third-party function report (Ar. 4E)." (Doc. 18 at 10.)  This argument in not compelling given Plaintiff's failure to adequately challenge or identify any error in the ALJ's negative assessment of Plaintiff's testimony or the ALJ's assignment of little weight to the third-party function report.[5] AR 22-23.

Based on the above, the Court finds that the ALJ provided specific, legitimate reasons for discounting Dr. Pancho's opinion and did not commit reversible error in evaluating that opinion.

**2.     The ALJ did not commit harmful error at step two of the sequential evaluation.**

An impairment, or combination of impairments, can be found non-severe if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.  *See* SSR 85–28, 1985 WL 56856 (Jan. 1, 1985); *see also Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir.1988) (adopting SSR 85–28).  "The mere existence of an impairment is insufficient proof of a disability." *Matthews*, 10 F.3d at 680.  As stated above, a claimant bears the burden of proving that an impairment is disabling.  *Id.* (citation omitted).

"Step two is merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill,* 869 F.3d 1040, 1048 (9th Cir. 2017), citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987).  "It is not meant to identify the impairments that should be taken into account when determining the RFC . . . . The RFC . . . *should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id.* (emphasis in original).  Any error in failing to include an impairment at step two is harmless if the ALJ considered any limitations imposed by the impairment in subsequent steps of the sequential evaluation.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) ("The decision reflects that the ALJ considered any limitations posed by the bursitis at Step 4. As such, any error that the ALJ made in failing to include the bursitis at Step 2

---

[5] Plaintiff subsequently asserts, in conclusory fashion, that the ALJ "improperly rejected the testimony of Plaintiff and her family regarding her pain and limitations, the ALJ also failed to consider her subjective symptoms in making the severity determination." (Doc. 18 at 11.) Plaintiff offers no argument to support this assertion, and the Court declines to formulate one for her. *Stevens v. Kijakazi*, No. 1:21-CV-00878-SKO, 2022 WL 4237891, at *11 (E.D. Cal. Sept. 14, 2022) (declining to formulate argument for plaintiff where plaintiff offered no argument to support contention).

was harmless."); *Morrison v. O'Malley*, No. 1:22-CV-01559-SKO, 2024 WL 21558, at *6 (E.D. Cal. Jan. 2, 2024) (explaining failure to include an impairment in the step two analysis is harmless if the ALJ considers the functional limitations that flow from said impairment in subsequent steps of sequential evaluation).

At step two of the five-step sequential evaluation, the ALJ determined that Plaintiff suffered from the severe impairments of depression and hypertension. AR 17-18. Plaintiff argues that the ALJ erred by failing to discuss notations of PTSD, or finding PTSD was a severe impairment. (Doc. 18 at 11.)

Plaintiff correctly notes that the ALJ did not specifically address her PTSD diagnosis in the decision. (Doc. 18 at 11 ["In fact, the ALJ failed to address Plaintiff's PTSD diagnosis at all."].) However, the ALJ stated that he considered all of Plaintiff's impairments, severe and non-severe, in his analysis of the RFC. AR 18 ("The undersigned considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing her residual functional capacity."). *See Zahourek v. O'Malley*, No. 1:23-CV-01150-SKO, 2024 WL 3951003, at *7 (E.D. Cal. Aug. 27, 2024) (determining plaintiff had not demonstrated harmful error at step two where ALJ "specifically stated that he considered all Plaintiff's impairments, severe and non-severe, in his analysis").

Moreover, even if the ALJ erred at step two by failing to identify Plaintiff's PTSD as a severe impairment, any such error was harmless as the ALJ considered Plaintiff's mental impairments at subsequent steps of the sequential evaluation. *Monique A. v. Colvin*, No. 23cv1981-LR, 2024 WL 5059153, at *10 (S.D. Cal. Dec. 10, 2024) ("If the ALJ errs at step two, but considers the claimant's impairments at the subsequent steps of the analysis, the error is harmless."). Indeed, specific to her mental impairments, the ALJ developed the RFC based on consideration of Plaintiff's reported symptoms, her mental health treatment records, and the findings of the state agency medical consultants, Drs. Celine Payne-Gair and Dr. Phaedra Caruso-Radin. AR 21-23.

Relevant here, Drs. Payne-Gair and Caruso-Radin reviewed evidence that specifically identified Plaintiff's PTSD, and both found that Plaintiff had trauma-and stressor-related

10

1 disorders that were severe. *See* AR 59, 61, 73, 75, 91-92, 106-07.  Based on the evidence, Dr.
2 Payne-Gair opined that Plaintiff could understand and remember simple instructions, complete
3 simple tasks, maintain attention and concentration for period of at least two hours, complete a
4 normal workday and workweek without significant psychologically related interruptions, perform
5 at a consistent pace, relate appropriately to peers and supervisor, and adapt to routine change in
6 the workplace.  AR 66, 80.  Similarly, Dr. Caruso-Radin opined that Plaintiff could understand,
7 remember, apply knowledge and carry out a 2-step command involving simple instructions and
8 maintaining a consistent pace for such, could sustain concentration, persistence and pace up to
9 four hour increments with customary work breaks, could complete usual workday/week, could
10 adapt to simple and routine changes, travel, respond to hazards, and manage herself adequately in
11 a work environment.  AR 95-96, 110-11.

12 Plaintiff admits that the severe trauma and stressor disorder identified by Drs. Payne-Gair
13 and Caruso-Radin would include a diagnosis of PTSD, but contends that the ALJ did not address
14 this aspect of their opinions.  (Doc. 18 at 12.)  Yet, the ALJ ultimately credited the opinions of
15 Drs. Payne-Gair and Caruso-Radin and assigned them specific weight in developing the RFC (AR
16 22), limiting Plaintiff to "performing jobs of a non-complex nature requiring the performance of
17 no more than simple, routine tasks," AR 19.  Given that the ALJ considered any limitations that
18 would have been posed by Plaintiff's mental impairments as a whole in developing the RFC, any
19 failure to identify Plaintiff's PTSD at step two is harmless.  *Lewis*, 498 F.3d at 911; *Bass v.*
20 *Berryhill*, No. 18-CV-07053-DMR, 2020 WL 1531324, at *4 (N.D. Cal. Mar. 31, 2020) (finding
21 ALJ's omission of PTSD in opinion harmless error where AL addressed claimant's mental
22 conditions as a whole and assessed some restrictions based on her reported symptoms); *Rosas v.*
23 *Comm'r of Soc. Sec.*, No. 1:15-cv-00002-LJO-SAB, 2016 WL 3562748, at *4 (E.D. Cal. June 29,
24 2016) (finding error at step two harmless where ALJ failed to mention plaintiff's major
25 depressive disorder and PTSD at steps two and three, but conducted an in-depth analysis of
26 plaintiff's intellectual functioning at subsequent steps); *but see Robinson*, 2023 WL 7092877, at
27 *5 (determining court could not conclude step two error harmless where plaintiff alleged that his
28 disability resulted in part from PTSD and the ALJ failed to even acknowledge the disorder); *Yang*

11

*v. Comm'r of Soc. Sec.*, No. 1:22-CV-00592-EPG, 2023 WL 5918118, at *3 (E.D. Cal. Sept. 11, 2023) (determining court could not conclude ALJ's failure to consider plaintiff's PTSD when assessing RFC harmless).

Additionally, Plaintiff has failed to identify any limitations resulting from her PTSD, or mental impairments as a whole, that are unaccounted for in the RFC. Thus, any error in failing to mention PTSD was harmless. *Venessa H.G. v. Kijakazi*, No. CV 20-9296-JGB (JPR), 2022 WL 17345920, at *5 (C.D. Cal. Sept. 28, 2022), report and recommendation adopted, No. CV 20-9296-JGB (JPR), 2022 WL 17342596 (C.D. Cal. Nov. 29, 2022) (concluding any error in failing to mention PTSD at step two was harmless where plaintiff failed to establish that she had greater functional limitations during the relevant period than the ALJ found); *Debbs v. Astrue*, No. 2:11-CV-02394 KJN, 2012 WL 5544077, at *9 (E.D. Cal. Nov. 14, 2012) (determining any error at step two in failing to find PTSD severe was harmless where plaintiff did not identify any specific functional limitations attributable to PTSD that the ALJ failed to consider).

For these reasons, the Court finds that the ALJ did not commit harmful error at step two.

## **CONCLUSION AND RECOMMENDATION**

For the reasons stated, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion for summary judgment (Doc. 18) be denied.

2. The Commissioner's request to affirm the agency's determination (Doc. 19) be granted.

3. The Clerk of this Court be directed to enter judgment in favor of Defendant Leland Dudek, Acting Commissioner of Social Security, and against Plaintiff Ana Her.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed**

**fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **March 24, 2025**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE