**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANA HER,<br><br>             Plaintiff,<br><br>      v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security[1],<br><br>             Defendant. | Case No.: 1:20-cv-1528 JLT BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPEAL AND REQUEST FOR REMAND, GRANTING DEFENDANT'S REQUEST TO AFFIRM THE ADMINISTRATIVE DECISION, AND DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT<br><br>(Docs. 18, 19, and 24) |

Ana Her seeks judicial review of a final decision denying her applications for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. (Docs. 1, 18.) Plaintiff asserts the ALJ erred in evaluating the medical evidence, including the opinion of a non-examining physician and failing to find Plaintiff's posttraumatic stress disorder was a severe impairment. (Doc. 18 at 1, *see also* 7-13.) Plaintiff requests the matter be remanded for further administrative proceedings. (*Id.* at 12.) The Commissioner asserts the ALJ's evaluation of the evidence was proper and substantial evidence supports the ALJ's findings. (Doc. 19 at 4-19.) For the reasons set forth below, Plaintiff's appeal is denied and Commissioner's request to affirm the decision is granted.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Leland Dudek as the defendant in this action.

1

## I. Decision of the ALJ

The ALJ evaluated Plaintiff's application using the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920. (Doc. 12-2 at 21-29.) First, the ALJ determined Plaintiff did not engage in substantial gainful activity after her alleged onset date of July 25, 2016. (*Id.* at 21.) Second, the ALJ found Plaintiff's severe impairments included depression and hypertension. (*Id.*) The ALJ noted Plaintiff "migraine headaches, stage two chronic kidney disease, urinary tract infection, ovarian cysts, [and] insomnia," but found Plaintiff's these impairments were "nonsevere" because they "do not cause more than a minimal limitation in her ability to perform basic work activities," whether considered individually or in combination with Plaintiff's other impairments. (*Id.* at 22.)

At step three, the ALJ determined Plaintiff's impairments did not meet or medically equal a Listing. (Doc. 12-2 at 22-23.) Next, the ALJ found:

> [T]he claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she should not work in environments exposing her to unprotected heights or machinery with dangerous moving mechanical parts. She further should not work in environments subjecting her to more than moderate levels of background noise. In addition, the claimant is capable of performing jobs of a non- complex nature requiring the performance of no more than simple, routine tasks, but she is unable to perform jobs requiring oral or written communication in the English language.

(*Id.* at 29.) With this residual functional capacity, the ALJ determined at step four that Plaintiff was "capable of performing past relevant work as a hand packager[,] … both as it was actually performed and as it is generally performed in the national economy. (*Id.* at 28.) In addition, the ALJ found Plaintiff could perform other work existing in significant numbers in the national economy, including kitchen helper, crate liner, and box bender. (*Id.* at 28-29.) Therefore, the ALJ concluded Plaintiff was not disabled. (*Id.* at 36.)

## II. Issues Raised by Plaintiff

Plaintiff asserts that substantial evidence does not support the decision because the ALJ "failed to offer specific, legitimate reasons for rejecting the opinion of L. Pancho, M.D.," an examining physician who "opined Plaintiff is able to lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk about six hours, and sit for about six hours total in an eight-hour workday." (Doc. 18 at 7, 8 [emphasis omitted].) In addition, Plaintiff argues the "determination is unsupported by

substantial evidence because [the ALJ] failed to find Plaintiff's posttraumatic stress disorder (PTSD) was a severe impairment." (*Id.* at 10 [emphasis omitted]; *see also id.* at 10-12.) Thus, Plaintiff contends the Court should remand the matter for further administrative proceedings. (*Id.* at 12.)

### III.  Findings and Recommendations

The magistrate judge found that the ALJ identified specific, legitimate reasons for rejecting the opinion of Dr. Pancho, because the opinion was inconsistent with other medical opinions, it was "over-restrictive," and it was inconsistent with Plaintiff's conservative treatment and minor symptoms that post-dated the opinion. (Doc. 24 at 6-8.) The magistrate judge rejected Plaintiff's assertion that the ALJ offered "his own interpretation of a select few clinical findings, to the ignorance of the record as a whole." (*Id.* at 7, quoting Doc. 18 at 9-10 [modification adopted].) The magistrate judge also noted Plaintiff did not challenge the ALJ's analysis concerning medical opinions that conflicted with Dr. Pancho, or argue the opinions to which the ALJ gave greater weight—including the opinion of an examining physician and another non-examining physician— were "unsupported by the record as a whole." (*Id.* at 8.) The magistrate judge also rejected Plaintiff's argument that the ALJ "ignored the fact that Dr. Pancho's opinion is consistent with the Plaintiff's function report, testimony and third-party function report" was not compelling, because Plaintiff failed to acknowledge that the ALJ discounted her testimony and gave "little weight to the third-party function report." (*Id.* at 8-9 [cleaned up].) Thus, the magistrate judge concluded that "[t]he ALJ did not err in evaluating the opinion of Dr. Pancho." (*Id.* at 4; *see also id.* at 9.)

The magistrate judge also found Plaintiff's arguments regarding her mental impairments were not persuasive. (Doc. 24 at 9-11.) The magistrate judge acknowledged that "the ALJ did not specifically address [Plaintiff's] PTSD diagnosis in the decision." (*Id.* at 10.) However, the magistrate judge found the ALJ considered "Plaintiff's reported symptoms, her mental health treatment records, and the findings of the state agency medical consultants, Drs. Celine Payne-Gair and Dr. Phaedra Caruso- Radin," who "reviewed evidence that specifically identified Plaintiff's PTSD." (*Id.*) The magistrate judge observed "the ALJ ultimately credited the opinions of Drs. Payne-Gair and Caruso-Radin and assigned them specific weight in developing the RFC." (*Id.* at 11.) Because the ALJ considered these opinions and any limitations imposed by the impairment to determine Plaintiff's RFC,

1   the magistrate judge found "any failure to identify Plaintiff's PTSD at step two [was] harmless." (*Id.*)
2   Moreover, the magistrate judge noted "Plaintiff has failed to identify any limitations resulting from her
3   PTSD, or mental impairments as a whole, that are unaccounted for in the RFC." (*Id.* at 12.) For this
4   reason as well, the magistrate judge found any step two error was harmless. (*Id.*)

The magistrate judge concluded "the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards." (Doc. 24 at 12.) Therefore, the magistrate judge recommended the Court deny Plaintiff's motion for summary judgment or remand, grant the request to affirm the agency's determination, and enter judgment in favor of the Commissioner. (*Id.*)

## IV.  Objections and Response

Plaintiff contends the Court should reject the "finding that the ALJ did not err in evaluating the opinion of non-examining physician, Dr. Pancho…." (Doc. 26 at 2.) Plaintiff maintains the ALJ did not identify specific and legitimate reasons to reject the opinion of Dr. Pancho. (*Id.* at 2-6.) According to Plaintiff, the ALJ engaged in "cherry picking" in reviewing the record, and did not properly address additional physical findings in the medical record. (*Id.* at 3-4.) Plaintiff reiterates her argument that "the ALJ overlooked the consistency of these physical complaints with relevant portions of her hearing testimony, … [and] her function reports, including:

> failing to discuss citations to her hearing testimony including Plaintiff must sit while cooking and needs time to rest to finish cooking because she is tired and has no energy (AR 42, 44); that whenever Plaintiff walks or stands, she feels like she is going to faint and fall down (AR 45); that everyday Plaintiff experiences dizziness when standing up from a sitting or lying position; that even when Plaintiff remembers to take her medications, she can maybe stand for 3-10 minutes; that due to shrapnel in her knee received after serving in the military, Plaintiff feels pain everywhere when she stands (AR 46); and that Plaintiff constantly feels burning in her feet and cannot put pressure on her feet and cannot put shoes or socks on (AR 47).

(*Id.* at 5-6.) Plaintiff also argues that the magistrate judge erred in finding the treatment Plaintiff received was a specific, legitimate reason for rejecting Dr. Pancho's opinion. (*Id.* at 6-7.) Therefore, Plaintiff contends the Court should remand the matter for an ALJ to consider the medical opinion evidence. (*Id.* at 7.)

The Commissioner filed a response to the objections, asserting the Court should adopt the Findings and Recommendations. (Doc. 27 at 1.) The Commissioner argues Plaintiff fails to show any

4

error by the magistrate judge, and that "the ALJ properly evaluated the medical opinions of record." (*Id.* at 1, 2 [emphasis omitted].)  The Commissioner contends the ALJ "reasonably afforded the greatest weight to the medical opinions from the consultative examiner (Dr. Wagner) and the State agency medical consultant on reconsideration (Dr. Laiken), which were supported by and consistent with the medical evidence and other evidence." (*Id.* at 2.)  The Commissioner asserts Plaintiff "simply reiterates the arguments that the magistrate judge rejected," and "argues that the evidence should have been interpreted differently." (*Id.*)  However, the Commissioner notes that "under the substantial evidence standard, a reviewing court 'must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.'" (*Id.* at 3, quoting *Wischmann v. Kijakazi*, 68 F.4th 498, 504 (2023).)  The Commissioner concludes the magistrate judge "appropriately concluded that Plaintiff's arguments lacked merit," and asserts the Court should affirm the final decision. (*Id.*)

**V.     Discussion**

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1).  If a party files objections, "the court shall make a determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.*  A de novo review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

**A.     Step two determination**

As an initial matter, Plaintiff did not make any objections to the findings of the magistrate judge regarding the step two determination and Plaintiff's mental impairments. (*See generally* Doc. 26.)  Towards that end, the Court is not required to perform a *de novo* review regarding this issue. *Thomas v. Arn*, 474 U.S. 140, 154 (1985) (Section 636(b) "does not require the judge to review an issue de novo if no objections are filed…").  Nevertheless, the Court reviewed the step two issue and concludes the findings are supported by the record and proper analysis.  As the magistrate judge determined, any error at step two was harmless because the ALJ considered medical opinions that addressed Plaintiff's PTSD and symptoms, and proceeded to consider the mental impairments to determine Plaintiff's residual functional capacity. *See, e.g., Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007) (error at step two was harmless where the ALJ considered any limitations at later steps); *see also Rosas v. Comm'r of Soc.*

*Sec.*, 2016 WL 3562748, at \*4 (E.D. Cal. June 29, 2016) (finding harmless error where "the ALJ failed to mention" the plaintiff's PTSD and major depressive disorder at step two, but performed "an in-depth analysis" of her intellectual abilities at subsequent steps).

### B. Evaluation of a medical opinion

Under the applicable regulations[2], courts distinguish the opinions of three categories of physicians: (1) treating physicians; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither examine nor treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). In general, the opinion of a treating physician is afforded the greatest weight. *Id.*; *see also Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Further, an examining physician's opinion is given more weight than the opinion of a non-examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

An opinion is not binding upon the ALJ and may be discounted whether another physician contradicts the opinion. *Magallanes*, 881 F.2d at 751. An ALJ may reject an *uncontradicted* opinion of a treating or examining medical physician only by identifying a "clear and convincing" reason. *Lester*, 81 F.3d at 831. In contrast, a *contradicted* opinion of a treating or examining physician may be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.*, 81 F.3d at 830. When there is conflicting evidence, "it is the ALJ's role … to resolve the conflict." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The Court must uphold the ALJ's resolution of the conflict when there is "more than one rational interpretation of the evidence." *Id.*; *see also Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ").

#### 1. Opinion of Dr. Pancho

As noted above, Plaintiff contends the ALJ erred in evaluating the opinion of Dr. Pancho, a non-examining physician. (Doc. 18 at 1, 7-10.) Dr. Pancho reviewed available medical records and

---

[2] For applications filed on or after March 27, 2017, the Commissioner revised the rules for the evaluation of medical evidence at the administrative level. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg 5844-01 (Jan. 18, 2017). Because Plaintiff filed her applications for benefits prior to that date, the Court applies the prior regulations.

found Plaintiff could perform work that required a "light RFC" on April 28, 2017. (Doc. 12-2 at 64-65, 67-68.) Specifically, Dr. Pancho determined Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk "[a]bout 6 hours in an 8-hour workday;" and sit "[a]bout 6 hours in an 8-hour workday." (*Id.* at 67-68.) Dr. Pancho also opined Plaintiff did not have any postural, manipulative, visual, communicative, or environmental limitations. (*Id.* at 69.)

The opinion of Dr. Pancho was contradicted by the opinions of Drs. Wagner and Laiken, who each determined Plaintiff could perform medium work, including lifting and carrying up to 50 pounds occasionally and 25 pounds frequently. (*See* Doc. 12-2 at 25; *see also id.* at 98-99, 113-14, 589-90.) Consequently, the ALJ was required to identify specific and legitimate reasons to reject the limitations identified by Dr. Pancho. *Lester*, 81 F.3d at 830-31.

### 2. The ALJ's analysis

Addressing the medical opinions, the ALJ indicated that he gave "very little weight" to the opinion of Dr. Pancho. (Doc. 12-2 at 25.) The ALJ found the opinion was "inconsistent with and unsupported by the medical and other evidence." (*Id.*) The ALJ explained:

> For example, it is inconsistent with the other medical opinions of record (see Exhibits 5A-6A; 6F) and it is over-restrictive, especially in light of light of reports showing no weakness or swelling (see Exhibit 1F, pp. 12, 17) with no edema in the legs and a normal gait (see Exhibit 1F, p. 24). Furthermore, the record post Dr. Pancho's opinion suggests conservative treatment and only minor symptoms, which are more consistent with the other medical opinions of record (see Exhibits 5A-6A; 6F).

(*Id.*)

The Ninth Circuit determined a medical opinion may be rejected when it is "unsupported by the record as a whole." *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2003); *see also Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602-03 (9th Cir. 1999). However, to do so, "[t]he ALJ must do more than offer his conclusions." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). This burden can be met by the ALJ identifying "conflicting clinical evidence" and making findings. *Swanson v. Secretary of Health & Hum. Servs.*, 763 F.2d 1061, 1065 (9th Cir.1985); *Magallane*s, 881 F.2d at 751. The ALJ carried this burden by identifying objective evidence that conflicted with the opinion of Dr. Pancho, including Plaintiff's lack of weakness, her normal gait, and no swelling. (*See* Doc. 12-2 at 25.) Thus, the conflicts with the overall record is a specific and

7

1 legitimate reason to give little weight to the opinion of Dr. Pancho.

2 A conservative course of treatment is also a proper basis for discounting the restrictions
3 identified by a physician. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *see also Phonn v.*
4 *Astrue*, 2010 WL 2850768, at *2 (C.D. Cal. July 20, 2010) (the ALJ properly rejected the opinion of a
5 treating physician rejected where it "could not be reconciled … with the relatively conservative
6 treatment that he had proscribed," and the Court stated this was a "specific and legitimate reason" for
7 discounting the opinion). Moreover, a condition that can be adequately controlled with medication and
8 conservative treatment cannot be the basis of a claim for disability benefits. *See Warre v. Comm'r of*
9 *the Soc. Sec. Admin*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled
10 effectively with medication are not disabling for the purpose of determining eligibility for SSI
11 benefits"). Thus, the ALJ set forth a specific, legitimate reason for giving less weight to the opinion of
12 Dr. Pancho.[3]

13 Finally, to the extent Plaintiff asserts in her objections that Dr. Pancho's opinion should not
14 have been rejected because it is consistent with her subjective complaints, this argument is unavailing.
15 The ALJ rejected Plaintiff's subjective statements, and Plaintiff did not challenge the ALJ's analysis
16 regarding her subjective statements in the opening brief.

17          3.     Substantial evidence supports the decision

18 The role of this Court is not to second guess the ALJ, or to reevaluate the evidence, but rather
19 to determine whether the decision is supported by substantial evidence. *See Andrews v. Shalala*, 53
20 F.3d 1035 (9th Cir. 1995) (indicating the Court should not second-guess "the ALJ's resolution of
21 conflicting medical testimony"). The term "substantial evidence" "describes a quality of evidence ...

---

[3] Plaintiff contends that the ALJ was required to identify a more aggressive course of treatment available for Plaintiff prior to rejecting the limitations identified by Dr. Pancho due to the "conservative treatment." (Doc. 26 at 6-7.) However, the cases cited—and quoted—by Plaintiff plainly indicate that "[a] *claimant* cannot be discredited for failing to pursue non-conservative treatment options where none exist." (*See id.*, quoting *Consuelo N. v. Kijakazi*, 2:21-cv-9115- MSS (C.D. Cal. Feb. 13, 2023) [emphasis added]); *see also Cindy F. v. Berryhill*, 367 F. Supp. 3d 1195, 1210 (D. Or. 2019) (indicating "it would be illogical to discredit *Plaintiff* for failing to pursue non-conservative treatment options where none exist") [emphasis added], quoting *Lapeirre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010)). Thus, Plaintiff's reliance upon these cases—which address the credibility determinations, rather than evaluations of the weight given to medical opinions—is misplaced. Moreover, as the magistrate judge observed, "Plaintiff does not argue that her care was other than conservative." (Doc. 24 at 8.)

intended to indicate that the evidence that is inconsistent with the opinion need not prove by a preponderance that the opinion is wrong." SSR 96-2p, 1996 WL 374188 at *3. "It need only be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion that is contrary to the conclusion expressed in the medical opinion." *Id.*

The opinion of an examining physician, such as Dr. Wagner, may be substantial evidence in support of the ALJ's decision when the opinion is based upon independent clinical findings. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Dr. Wagner performed a comprehensive physical consultative examination of Plaintiff, including testing her coordination, state, gait, range of motion in various joints, straight leg raising, motor strength, senses, and reflexes. (Doc. 12-2 at 587-89.) Dr. Wanger also indicated that the limitations he identified were "[b]ased on [his] objective findings on today's exam." (*Id.* at 589.) Because his medical opinions—including that Plaintiff could lift and carry 50 pounds occasionally and 25 pounds frequently— were based upon independent clinical findings, his opinion is substantial evidence in support of the ALJ's decision.

Likewise, the opinions of non-examining physicians, such as Dr. Laiken, may be substantial evidence in support of an ALJ's evaluation of the evidence. *Tonapetyan*, 242 F.3d at 1149 (the opinion "of a non-examining medical expert … may constitute substantial evidence when it is consistent with other independent evidence in the record"); *see also* SSR 96-6p, 1996 WL 374180, *1. Dr. Laiken reviewed the updated record and found Plaintiff could lift and carry 50 pounds occasionally and 25 pounds frequently, sit about six hours in an eight-hour day, and stand/walk about six hours in an eight-hour workday. (Doc. 12-2 at 98-99.) Because this opinion is consistent with the independent evidence from Dr. Wagner, it also constitutes substantial evidence in support of the ALJ's decision.

## VI.     Conclusion and Order

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter—including Plaintiff's objections and Defendant's response—the Court concludes the Findings and Recommendations are supported by the record and proper analysis. The administrative decision must be affirmed because substantial evidence supports the findings. *See Sanchez v. Sec'y of Health & Human Serv.,* 812 F.2d 509, 510 (9th Cir. 1987).

Thus, the Court **ORDERS**:

    1.    The Findings and Recommendations (Doc. 24) are **ADOPTED**.

    2.    Plaintiff's appeal and request for remand (Doc. 18) are **DENIED**.

    3.    Defendant's request to affirm the administrative decision (Doc. 19) is **GRANTED**.

    4.    The Clerk of Court is directed to terminate any pending motions; enter judgment in favor of defendant Frank Bisignano, Commissioner of Social Security, and against Plaintiff Ana Her; and to close this case.

IT IS SO ORDERED.

Dated: **July 29, 2025**

/s/ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE